UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCBOUNDS,<br><br>    Plaintiff,<br><br>    v.<br><br>D. CLAYS, et al,<br><br>    Defendants. | No. 2:19-cv-2208 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  Plaintiff requests that the court appoint counsel, take judicial notice, and grant an extension of time to oppose defendants' motion to dismiss.  (ECF Nos. 24, 25.)  Defendants oppose plaintiff's requests, except for the motion for extension of time.  (ECF No. 26.)  Plaintiff did not file a timely reply.  As discussed below, the undersigned denies plaintiff's motion for appointment of counsel and request for judicial notice, but grants plaintiff an extension of time in which to oppose defendants' motion.

Plaintiff's Complaint

Plaintiff, an African American, alleges that defendants Junes, Clays, Vina and Farran retaliated against plaintiff for his refusal to sign a form implicating him in a Mexican riot, despite the video surveillance (reviewed while plaintiff was detained in a holding cell for four hours) demonstrating his non-participation in the riot, as conceded by various prison staff, by wrongfully

placing him in administrative segregation and confiscating his personal property with the intention of depriving him of pieces of property. In addition, defendants then allegedly violated plaintiff's due process rights by failing to provide due process prior by wrongfully placing him in administrative segregation as punishment without cause, to enable such defendants to confiscate and not return plaintiff's personal property.

Motion for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this stage of the proceedings.[1]

Request for Judicial Notice

Plaintiff asks the court to take judicial notice of Mule Creek State Prison's "custom or policy" to retaliate "against inmates who exercise their First Amendment rights." (ECF No. 25.)

---

[1] The undersigned acknowledges that inmates' physical access to prison law libraries are being limited or denied due to the Covid-19 pandemic. But prisons are modifying their procedures, and inmates are able to access law library materials by using the paging system, and photocopying is handled through institutional mail. Plaintiff is advised that all documents filed with the court are matters of public record and are not confidential.

1  Defendants argue that plaintiff's request is improper because it asks the court to take notice of a
2  disputed fact.

3       A federal court may take judicial notice of facts "not subject to reasonable dispute." Fed.
4  R. Evid. 201(b).  Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) (court may
5  take judicial notice of dismissal and ground therefore, but not of disputed facts therein).  "As a
6  general rule, a court may not take judicial notice of proceedings or records in another cause so as
7  to supply, without formal introduction of evidence, facts essential to support a contention in a
8  cause then before it."  M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491
9  (9th Cir. 1983).  Proper subjects of judicial notice include "court filings and other matters of
10 public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.
11 2006); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); Fed. R. Evid. 201(b)(2).

12      In his request, plaintiff cites six district court cases, both pending and resolved, and
13 appears to argue that such cases filed by other inmates demonstrate that Mule Creek State Prison
14 has a custom or policy of taking retaliatory actions against inmates who exercise their First
15 Amendment rights.  However, as argued by defendants, plaintiff's request improperly seeks to
16 notice a disputed fact critical to plaintiff's underlying retaliation claim.  Therefore, plaintiff's
17 request is denied.

18 Request for Extension of Time

19      Plaintiff also requested an extension of time to file an opposition to defendants' motion to
20 dismiss filed on October 15, 2020.  Plaintiff has shown good cause for an extension of time.
21 Therefore, his request is granted.

22      Accordingly, IT IS HEREBY ORDERED that:

23     1. Plaintiff's motion for the appointment of counsel (ECF No. 24) is denied without
24 prejudice;

25     2. Plaintiff's request for judicial notice (ECF No. 25) is denied;

26     3. Plaintiff's motion for an extension of time (ECF No. 24) is granted; and

27 ////

28 ////

4.  Plaintiff is granted sixty days from the date of this order in which to file an opposition to the motion to dismiss.

Dated:  December 7, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcbo2208.31+36

4