UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCBOUNDS,<br><br>   Plaintiff,<br><br>   v.<br><br>D. CLAYS, et al.,<br><br>   Defendants. | No. 2:19-cv-2208 KJM KJN P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. This action proceeds on plaintiff's complaint against defendants Junes, Clays, Vina and Farran for alleged First and Fourteenth Amendment violations. Before the court is defendants' fully-briefed motion to dismiss plaintiff's First Amendment retaliation claim and Fourteenth Amendment denial of a property interest claim against any defendant. As set forth below, the undersigned recommends that the motion to dismiss be granted, and this action proceed solely as to plaintiff's Fourteenth Amendment liberty interest claims.

I. Plaintiff's Complaint

Plaintiff, an African American, alleges that while he was housed at Mule Creek State Prison ("MCSP"), defendants Junes, Clays, Vina and Farran retaliated against plaintiff for his refusal to sign a chrono implicating him in a Mexican riot, despite the video surveillance (reviewed while plaintiff was detained in a holding cell for four hours) demonstrating his non-

1

participation in the riot, as conceded by various prison staff, by wrongfully placing him in administrative segregation and confiscating his personal property with the intention of depriving him of pieces of property. In addition, defendants then violated plaintiff's due process rights by failing to provide due process beforehand by wrongfully placing him in administrative segregation as punishment without cause, to enable such defendants to confiscate and not return plaintiff's personal property.

II.  Motion to Dismiss:  Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  The court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. V. Behrens, 546 U.S. F.3d 580, 588 (9th Cir. 2006).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would

entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III. Civil Rights

To state a civil rights claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

In sum, plaintiff must identify the particular person or persons who violated his rights, set forth specific factual allegations as to how such person violated plaintiff's rights, and identify the relief he seeks that is available under 42 U.S.C. § 1983.

IV. Discussion

A. Retaliation

As set forth above, plaintiff contends that defendants retaliated against plaintiff because he refused to sign the peaceful coexistence chrono, and placing him in administrative segregation did not serve a legitimate penological goal because video evidence demonstrated he was not involved in the prison riot. Defendants argue that plaintiff's refusal to sign the chrono is not conduct protected under the First Amendment. Defendants further contend that because plaintiff admitted he refused to disavow enemy and safety concerns (even if not involved in the riot), placement into

3

1  administrative segregation was required for his safety and the safety of others on the facility.  As
2  discussed below, the undersigned recommends that plaintiff's retaliation claim be dismissed.

3      "Prisoners have a First Amendment right to file grievances against prison officials and to
4  be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)
5  (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the
6  prison context has five elements:  "(1) An assertion that a state actor took some adverse action
7  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)
8  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
9  advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.
10  2005).

11      Retaliation claims are not limited to the First Amendment.  "A prisoner suing prison
12  officials under section 1983 for retaliation must allege that he was retaliated against for exercising
13  his constitutional rights and that the retaliatory action does not advance legitimate penological
14  goals, such as preserving institutional order and discipline."  Barnett v. Centoni, 31 F.3d 813,
15  815-16 (9th Cir. 1994).  Exercising the Fifth Amendment right against self-incrimination can be
16  protected conduct.  Bridges v. Hubbard, 2013 WL 3773886, at *9 (E.D. Cal. July 17, 2013),
17  adopted, 2013 WL 5230239 (E.D. Cal. Sept. 16, 2013) (finding that prisoner was engaged in
18  protected conduct when he exercised his Fifth Amendment right against self-incrimination).

19      Here, plaintiff maintains that his protected conduct was his refusal to sign the peaceful
20  coexistence chronos because he believed such chronos implicated him in a riot in which he was
21  not involved, and signing such chronos would negatively impact his chances for parole.  (ECF
22  No. 36 at 3-4.)  However, plaintiff's complaint makes clear that plaintiff was not facing discipline
23  for any involvement in the June 7, 2019 riot.  Indeed, plaintiff states that video surveillance
24  cleared plaintiff of any involvement, and plaintiff was not issued a rules violation for any such
25  involvement.  Similarly, the chronos were not being used to investigate plaintiff's potential role in
26  the riot, or to support charges based on any alleged involvement.  Unlike the prisoner in Bridges,
27  who was being investigated for conspiracy to murder peace officers and was ultimately issued a
28  rules violation for such charges, plaintiff was not facing disciplinary action for any potential role

in the June 7, 2019 riot. Thus, the undersigned cannot construe plaintiff's refusal to sign a peaceful coexistence chrono as protected conduct under the Fifth Amendment. Because plaintiff has not identified conduct protected under the First or Fifth Amendments, his retaliation claim fails, and the court need not address whether plaintiff's subsequent placement in administrative segregation advanced a legitimate correctional goal.

### B. Due Process Claim re Deprivation of Property

Defendants argue that plaintiff cannot state a claim for deprivation of property under the Due Process Clause of the Fourteenth Amendment. Although the court did not find that plaintiff stated a claim based on such theory, defendants are correct. Plaintiff cannot state a cognizable civil rights claim based solely on the unauthorized intentional taking of his property. The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Here, plaintiff alleged no facts suggesting that the deprivation was authorized. The California Legislature provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on a claim that the state deprived him of property without due process of the law.

## V. Requests for Judicial Notice

### A. Plaintiff's Request for Judicial Notice

In his request, plaintiff cites multiple cases arising from inmates' complaints alleging retaliation by prison staff at MCSP, and argues that such cases demonstrate that MCSP has a custom or policy of taking retaliatory acts against inmates who exercise their First Amendment

5

rights. (ECF No. 25 at 3.) Defendants oppose plaintiff's request, arguing that it is improper for the court to take judicial notice of disputed facts, and plaintiff failed to show any relation between the cited cases and plaintiff's theory that such retaliatory policy exists without reasonable dispute. (ECF No. 26 at 2.)

A federal court may take judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b).

Here, it appears plaintiff seeks to establish the factual findings or legal conclusions from the cited cases rendering judicial notice inappropriate. See Wyatt v. Terhune, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003)[1] ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice."); Jernigan v. Cal. Dep't of Corr. & Rehab., 2011 WL 255798, at *1 n.3 (N.D. Cal. Jan. 24, 2011) ("While judicial notice of the existence of documents filed in a court proceeding may be proper, it does not permit any assertions of fact or legal conclusions within those documents to be treated as conclusively established[.]").

On the other hand, to the extent plaintiff cites such cases to support his arguments, judicial notice is not required. Rather, the court considers the reasoning supporting such decisions for whatever persuasive value they may have. See Banneck v. HSBC Bank USA, N.A., 2016 WL 3383960 at *2 (N.D. Cal. June 20, 2016) (judicial notice of orders in other cases unnecessary); see also DeJesus Rodriguez v. Unknown-Named Disciplinary Hearings Agent, 2010 WL 3125953 at *2 (E.D. Cal. Aug. 6, 2010) (unnecessary for plaintiff to file a separate request for judicial notice of a statute in support of his position -- "[r]eference to any statutes, law or other authority should be included in the motion and/or memorandum of points and authorities that seek affirmative relief.").

Therefore, plaintiff's request for judicial notice is denied.

B. Defendants' Request for Judicial Notice

Relying on Federal Rule of Evidence 201(b)(2), defendants request the court take judicial notice of California Code of Regulations, Title 15 § 3335, which defendants contend governed

---

[1] Wyatt was overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).

placement of inmates into administrative segregation in 2019.[2]  (ECF No. 23.)  Plaintiff does not appear to dispute that such regulation was in effect in 2019, but argues that such regulation does not provide for an inmate's placement in administrative segregation based on his refusal to sign a peaceful coexistence chrono.  (ECF No. 36 at 10-11.)

In light of the undersigned's finding that plaintiff failed to identify protected conduct to support his retaliation claim, it is unnecessary for the court to consider § 3335 at this stage of the proceedings.  Thus, the court declines to take judicial notice of such regulation without prejudice.

VI. Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for judicial notice (ECF No. 25) is denied; and

2. Defendants' request for judicial notice (ECF No. 23) is denied without prejudice.

Further, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 22) be granted;

2. Plaintiff's retaliation claims be dismissed with prejudice;

3. Plaintiff's claim for violation of the Due Process Clause arising from the loss of his personal property be dismissed without prejudice; and

4. Defendants be ordered to answer plaintiff's remaining Fourteenth Amendment liberty interest claims within fourteen days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[2] "When an inmate's presence in an institution's General Population (GP) inclusive of the Restricted Custody General Population (RCGP) facility presents an immediate threat to the safety of the inmate or others, endangers institution security or jeopardizes the integrity of an investigation of an alleged serious misconduct, criminal activity, or the safety of any person, the inmate shall be immediately removed from the GP and placed in administrative segregation. Administrative segregation may be accomplished by confinement in a designated Administrative Segregation Unit (ASU) or, in an emergency, to any single cell unit capable of providing secure segregation. CDCR staff shall not place inmates into a SHU, ASU, or the SDP solely on the basis of their validation status." Cal. Code Regs., Title 15 § 3335.

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 26, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mcbo2208.mtd

8