UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MCBOUNDS,<br><br>             Plaintiff,<br><br>      v.<br><br>D. CLAYS, et al.,<br><br>             Defendants. | No.  2:19-cv-2208 KJM KJN P<br><br>FINDINGS & RECOMMENDATIONS |

On July 13, 2023, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b).  Despite being granted an extension of time, plaintiff failed to file an opposition or statement of non-opposition to the pending motion.  As discussed below, it is recommended that this action be dismissed.

Background

On October 26, 2022, the parties were informed that failure to comply with the court's order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  (ECF No. 49 at 8), citing see Fed. R. Civ. P. 41(b).

On December 16, 2022, defendants served requests for admissions, interrogatories and requests for production of documents on plaintiff.  (ECF No. 57 at 8 (Seuell Decl.); see also ECF

////

1

No. 52 at 9-30 (discovery requests).)  Plaintiff's responses were due on February 2, 2023; plaintiff did not respond or seek an extension.  (ECF No. 57 at 8.)

On February 22, 2023, plaintiff appeared for deposition; during a discussion about the overdue discovery responses, plaintiff claimed he needed additional time to respond, and counsel for defendants advised he would seek modification of the scheduling order to resolve the discovery issue.  (Id.)  Plaintiff stated he would send the discovery responses as soon as possible.  (Id.)  Defendants sought and were granted extensions of the discovery and pretrial motions deadlines.  (ECF Nos. 50, 51.)

Plaintiff again failed to respond to the discovery requests or to seek additional time.  (ECF No. 57 at 9.)  On April 10, 2023, defendants filed a motion to compel discovery responses, and sought to modify the scheduling order.  (ECF Nos. 52, 53.)  On April 12, 2023, the undersigned reminded plaintiff of his obligation to respond to the motion to compel under Local Rule 230(l), and the discovery deadline was extended until the motion to compel was resolved.  (ECF No. 54.)

On May 22, 2023, defendants' motion to compel was partially granted; plaintiff was granted thirty days to file written responses and to show cause why the court should not deem admitted defendants' requests for admissions and cautioned plaintiff that failure to respond to the written discovery requests or to the court's order "may result in a recommendation that this action be dismissed."  (ECF No. 55.)

Plaintiff again failed to respond, both to the discovery requests and to the court's order.  Based on such failures, on July 11, 2023, the admissions were deemed admitted, and defendants were directed to file an appropriate motion.  (ECF No. 56.)

On July 13, 2023, defendants filed a motion to dismiss.  Defendants argue that plaintiff failed to respond to defendants' discovery requests and failed to comply with the court's order to file responses to defendants' discovery requests and show cause why defendants' requests for admissions should not be deemed admitted (ECF No. 55).  (ECF No. 57.)

Plaintiff did not oppose the motion.  Instead, plaintiff sought an extension of time to file an amended complaint.  On August 10, 2023, plaintiff's motion for extension of time to file an amended complaint was denied based on plaintiff's failures to (1) address the pending motion to

2

1 dismiss, (2) respond to discovery, (3) respond to court orders, (4) provide specific facts as to why
2 amendment was sought, and (5) provide a proposed amended complaint.  (ECF No. 59.)  Plaintiff
3 was granted thirty days to file an opposition to the pending motion to dismiss.  (Id.)

4   Plaintiff again failed to file an opposition.  On September 28, 2023, plaintiff was reminded
5 that Local Rule 230(l) provides in part that "[f]ailure of the responding party to file written
6 opposition or to file a statement of no opposition may be deemed a waiver of any opposition to
7 the granting of the motion."  (ECF No. 60.)  Further, plaintiff was advised that failure to comply
8 with the Local Rules "may be grounds for imposition of any and all sanctions authorized by
9 statute or Rule or within the inherent power of the Court."  Id.  Finally, plaintiff was cautioned
10 that Rule 41(b) of the Federal Rules of Civil Procedure provides for the involuntary dismissal of
11 his case if he fails to prosecute or to comply with these rules or a court order.  (ECF No. 60.)
12 Plaintiff was ordered to file an opposition to the motion to dismiss within thirty days.  Plaintiff
13 did not file an opposition or otherwise respond.

14   Legal Standards
15   Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal for a party's
16 failure to comply with court orders.  Id.  District courts also have the inherent power to control
17 their dockets and "[i]n the exercise of that power they may impose sanctions including, where
18 appropriate, . . . dismissal."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A
19 court may also impose sanctions, including the sanction of dismissal, or terminating sanctions, on
20 a party who does not comply with discovery orders.  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

21   "The standards governing dismissal for failure to obey a court order are basically the
22 same" under Rule 37(b) and Rule 41(b).  Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.
23 1987); see Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal under
24 Rule 41(b) is "closely analogous" to the imposition of terminating sanctions under Rule 37(b));
25 Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 n.1 (9th Cir. 1988) ("The standards
26 governing dismissal for failure to obey court orders are the same under Fed. R. Civ. P.
27 37(b)(2)(C) or 41(b).").
28 ////

However, when a party seeks terminating sanctions based on a violation of Rule 37(b), the court's "range of discretion is narrowed, and the losing party's noncompliance must be due to willfulness, fault, or bad faith." Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997) (quoting Henry v. Gill Indust., 983 F.2d 943, 946 (9th Cir. 1993)); see also In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (dismissal under Rule 37(b) requires a threshold showing that the violation is due to willfulness, bad faith, or fault of the non-moving party).

If the moving party meets such threshold showing, the court applies a "five-part test, with three subparts to the fifth part" to determine whether terminating sanctions under Rule 37(b)(2) are just:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (footnote omitted).[1] "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case dispositive sanctions." Id. at 1096. Such five-part test "is not mechanical," but rather "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." Id.

Discussion

Was plaintiff's failure to respond to discovery willful?

The court may consider a party's pro se status "in evaluating the willfulness of discovery violations and the failure to obey court orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders." Sanchez v. Rodriguez, 298 F.R.D. 460, 470 (C.D. Cal. 2014) (collecting cases). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir.

---

[1] These are the same five factors considered under Rule 41(b). Sanchez, 298 F.R.D. at 470.

4

2003) (citation omitted); see also Sanchez, 298 F.R.D. at 463 (noting that willfulness, bad faith, and fault requirement "does not require wrongful intent"). In evaluating the propriety of sanctions, the Court considers "all incidents of a party's misconduct." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411 (9th Cir. 1990), cert. denied, 498 U.S. 1109 (1991).

Here, the record reflects that plaintiff's failure to respond was willful. Plaintiff failed to respond to discovery requests and even after plaintiff told counsel for defendants that plaintiff would send the discovery responses as soon as possible, plaintiff again failed to do so. Plaintiff offers no explanation for his failure to respond to discovery requests propounded in December of 2022, and does not demonstrate that such failure was due to circumstances beyond his control.

### Do the five factors support terminating sanctions?

The court next evaluates whether the five factors weigh in favor of imposing terminating sanctions. Such factors provide a "way for a . . . judge to think about what to do," rather than "a series of conditions precedent before the judge can do anything." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006), quoting Valley Eng'rs v. Electric Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998). "The most critical factor to be considered in case-dispositive sanctions is whether 'a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts.'" Conn. Gen. Life Ins. Co., 482 F.3d at 1097 (quoting Valley Eng'rs, 158 F.3d at 1057 (internal quotes and citation omitted); see also Wanderer v. Johnston, 910 F2d 652, 656 (9th Cir. 1990) (the amount of prejudice resulting from the discovery violations and the availability of less drastic sanctions are said to be "key factors").

First, the public's interest in expeditious resolution of litigation favors dismissal. This action was filed on November 1, 2019. The first scheduling order issued in October of 2022, and the written discovery requests were initially propounded to plaintiff in December. The resolution of this action has been delayed for many months due to plaintiff's failure to respond to discovery requests. Plaintiff's actions have prevented this case from proceeding in a timely fashion.

Turning to the second factor, the court's need to manage its docket also favors dismissal. District courts must be able to manage their dockets "without being subject to endless non-

compliance with case management orders." In re PPA, 460 F.3d at 1227. Plaintiff's failure to respond to the written discovery requests has required multiple modifications to the scheduling order.

The third factor, the risk of prejudice to the defendants, also favors dismissal. To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. Malone, 833 F.2d at 131. As argued by defendants, the failure to respond to discovery is sufficient to show prejudice. In re PPA, 460 F.3d at 1227 (citing Adriana, 913 F.2d at 1412). Plaintiff has not responded to the written discovery requests or to subsequent court orders addressing plaintiff's failure to respond, thus impairing defendants' ability to proceed to trial. It has now been over a year since the court issued its first discovery order, and defendants have been unable to obtain responses to their written discovery requests. Such unreasonable delay weighs in favor of dismissal. It is also prejudicial to defendants to allow plaintiff to continue prosecuting this action while depriving defendants of the right to conduct meaningful discovery.

The fourth factor, the public policy favoring disposition of cases on their merits, does not favor dismissal. But this factor is outweighed by the factors in favor of dismissal discussed herein. See Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (policy favoring merits adjudication is not, without more, sufficient to outweigh other factors).

In connection with the fifth factor, the court must consider whether lesser sanctions are appropriate. In this case, the undersigned finds that less drastic sanctions are not available.

The court previously imposed a lesser sanction when it ordered plaintiff to respond to the written discovery and show cause why the request for admissions should not be deemed admitted. The court then granted plaintiff two additional opportunities to respond to the motion to dismiss. Also, the court provided plaintiff multiple warnings that his failure to provide discovery responses would result in a recommendation that this action be dismissed. Despite such

////

////

////

6

warnings, plaintiff failed to provide discovery responses and failed to respond to multiple court orders.[2]

Moreover, the court has considered recommending monetary sanctions rather than terminating sanctions, but finds that under the circumstances, ordering monetary sanctions would be ineffective given plaintiff's indigency.  Plaintiff was granted leave to proceed in forma pauperis based on his showing of indigency.  Plaintiff's failure to respond to court orders also demonstrates that imposing monetary sanctions would not motivate plaintiff to provide discovery responses or otherwise cooperate in the prosecution of this action.  Therefore, the undersigned finds that the lesser sanction of monetary sanctions is not available.

Conclusion

Four of the five factors weigh in favor of imposing terminating sanctions based on plaintiff's failure to respond to discovery and court orders.  Thus, it is recommended that defendants' motion to dismiss be granted.

Monetary Sanctions

A court that imposes sanctions under Rule 37(b)(2)(A) "must" order the sanctioned party to pay the reasonable expenses, including attorney's fees, incurred by the other party due to the noncompliance with the discovery order "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  While plaintiff's failure to comply with discovery was not substantially justified, the undersigned declines to recommend imposition of monetary sanctions under Rule 37(b)(2)(C) because such order would be unjust considering plaintiff's indigency.  Further, it would be unjust to impose monetary sanctions where the court recommends terminating sanctions.  See, e.g., Reddy v. Precyse Solutions LLC, 2015 WL 3797297 (E.D. Cal. June 18, 2015) (finding the plaintiff willfully

////

---

[2] After the motion to dismiss was filed, plaintiff filed one motion for extension of time.  (ECF No. 58.)  However, plaintiff failed to address the overdue discovery responses or the pending motion to dismiss.  Rather, plaintiff sought additional time to file an amended complaint to "add components" that "needed to be added."  (Id. at 1.)  Plaintiff claimed his incarceration limited his ability to access the prison law library.  (Id. at 5.)

refused to comply with discovery orders and imposing terminating sanctions but denying as unjust additional monetary sanctions).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 57) be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 13, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mcbo2208.mtd.37b